AMERICAN SULPHITE PULP CO. v. CARTHAGE SULPHITE PULP CO.
(five cases).

(Circuit Court of Appeals, Second Circuit. May 27, 1915.)

PATENTS ⬤➠324—SUIT FOR INFRINGEMENT—APPEALABLE ORDERS.

An appeal will not lie from an interlocutory decree granting an accounting only for infringement of an expired patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600–606; Dec. Dig. ⬤➠324.]

Appeal from the District Court of the United States for the Northern District of New York.

.Samuel R. Betts and Livingston Gifford, both of New York. City, for appellant.

Howard P. Denison, of Syracuse, N. Y., and Frank T. Benner and Alex. P. Browne, both of Boston, Mass., for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. It would undoubtedly save the parties trouble and expense if the question as to the validity of the patent and the infringement by the defendants could be determined before the parties are put to the expense of an accounting. But such considerations should not be considered if in fact there is no authority for such a review. It is idle to say that this is an appeal from an order denying an injunction, in view of the fact that it is conceded on all hands that the patent has expired. We have then an interlocutory decree granting an accounting and nothing else. We cannot find any authority for an appeal from such a decree. The defendant is not injured if no profits or damages are awarded and therefore appeals from such decrees should await the accounting which may result in a finding for the defendant. To hold otherwise will establish a precedent which will involve the court in difficulties in the future.

The motion to dismiss the appeal is granted.